No. 15,900.

## BOWMAN ET AL. *v.* ELY, COMMISSIONER.

ASSIGNMENT OF ERROR.—*When too General.—Necessary Foundation.—Motion for New Trial.*—Where there was no motion for a new trial, in the court below, an assignment of error, on appeal, "that the court below erred in rendering the judgment above and herein set out," such assignment is not only too general to be entertained, but has not the necessary foundation by motion for a new trial.

SAME.—*Unavailable.*—An assignment of error which has no foundation in fact can avail nothing.

From the Allen Superior Court.

*P. A. Randall, N. D. Doughman, S. F. Swayne, H. Colerick* and *W. S. Oppenheim,* for appellants.

*T. E. Ellison,* for appellee.

HACKNEY, J.—The appellee, a commissioner of drainage, was in charge of the construction of an extended system of drainage, known as the Branstrator ditch, and, in the course of his duties as such, he filed, in the court below, a report of receipts and expenditures, in relation to said drainage, from December 15, 1888, to November 2, 1889. To this report were filed, by persons whose lands were affected by the drainage, the joint exceptions of the appellant Henry Bowman and five others, the several exceptions of said Henry Bowman and the several exceptions of the appellant Henry Sparrow. Pending the hearing of such exceptions by the court, said Henry Bowman dismissed his said exceptions, and Fairfield, Edwards, and Thompson, parties to said joint exceptions, dismissed their said exceptions as to themselves.

The remaining exceptors, therefore, were Sparrow, by his separate exceptions, and Calvin Bowman and John Crawford, by their joint exceptions.

Upon the hearing, and on the 20th day of November,

1889, the court found that in the construction of one branch of the system the commissioner had permitted a substantial departure from the line upon which it had been located by the court, and that such departure was detrimental to Henry Bowman and Henry Sparrow, and notwithstanding the dismissal of said Bowman's exceptions, sustained the exceptions of both Henry Bowman and Henry Sparrow. As part of the action of the court upon said ruling, the commissioner was directed to employ a civil engineer, to make a survey and estimate of the cost of constructing a new line of drain, not included in that originally located, but for the purpose of reaching the lands of said Bowman and Sparrow. The next step disclosed by the record was on the 2d day of December, 1889, when the commissioner filed his petition stating that he had permitted a variation in the line of the drain ordered by the court, and giving as reasons therefor that he supposed it satisfactory to all concerned, and believed it beneficial to the general scheme of drainage. The courses and distances of the departure were given, and he prayed the order of the court modifying the original location so as to adopt the line pursued in said departure.

At the time of the filing of said petition, James W. Morris, a civil engineer, filed estimates of the cost of effecting certain drainage for the benefit of the lands of said Bowman and Sparrow. On the 4th day of December, 1889, the court entered its further finding and order to the effect that, excepting as to said departure, the system of drainage had been completed according to the order for its construction; that to relocate the line so as to adopt the departure prayed for by the commissioner would deprive said Bowman and Sparrow of the benefit of draining their lands directly into the drain so relocated, a benefit which they would have received by the

drain as originally located. The finding then proceeds as follows: "It will be necessary to dig a branch ditch along the line of their lands on the original line, as established by the court, of sufficient size to carry the water that flows from their land, and the court doth, upon the evidence of the parties interested, and the report of James W. Morris, engineer, find that the following described ditch will furnish as good drainage to their lands as if the main ditch had been constructed as ordered." Then follows a description of the course, distances, dimensions and character of such supposed ditch for the benefit of Bowman and Sparrow, and the entry then proceeds: "And the court doth further find that said ditch should be incorporated into, and become a part of, the general plan of said ditch, and be known as Branch No. 11. And it further appearing that the construction of said main ditch where constructed was a much greater benefit to the lands affected than the cost of said Branch No. 11 will be, does hereby order and direct said Edward Ely, as such commissioner, to at once proceed to construct the same; and it being apparent to the court, from the season of the year, that delay to give notice and let the contract to do the same might defer the work to the damage of those interested, he is authorized to have the same done in as cheap a manner as the same can be done, constructing the same according to the plans herein made, and to the approval of the engineer and this court." This entry affirmatively shows the presence of, participancy in, and exception to these proceedings, by Bowman and Sparrow.

The next step taken, as appears by the record before us, was on December 16th, 1889, when Bowman and Sparrow filed their motion "to modify the judgment and order made upon the exceptions of said Bowman and Sparrow to the final report of Edward Ely, commissioner,

by striking out all that part of said order and judgment ordering the cost of the branch designated as number eleven, to be constructed at the cost of those assessed for the drain."

It will be observed that there are two entries which may be designated as judgments or orders, namely, that of the 20th day of November and that of the 4th day of December, 1889. Strictly speaking, that of November 20th was upon the exceptions to the report of the commissioner. This report, however, did not purport to be, nor could it have been, the final report of the commissioner, as it is designated by the motion to modify the judgment and order.

If the motion was addressed to that entry, it would not be available, because no part of the entry seeks to charge the cost of constructing the branch numbered eleven against any one. Indeed, this branch was not then created.

If the motion was intended to be addressed to the entry of December 4th, 1889, we are at a loss to observe its application, since that entry is not and does not purport to be a ruling upon such exceptions, and, as we have shown, the exceptions were sustained by the former entry of November 4th, 1889. Nor can the motion have application to the entry of December 4th, from the fact that said entry does not provide for the payment of the cost of constructing said branch number eleven. This entry does, however, contain a blank allowance to said Morris and to a chainman, not named, for "services and making survey, and the commissioner is ordered to pay the same and file their receipt as a voucher for the same."

The only assignments of error are: "1st, that the court below erred in rendering the judgment above and

herein set out; 2d, that the lower court erred in overruling appellant's motion to modify the judgment."

The argument of appellants, counsel includes the question of the correctness of the court's action in establishing branch ditch number eleven, but treats the action as based upon the exceptions to the report of the commissioners.

As we have seen, the ruling, and the only ruling, upon the exceptions was favorable to the appellants, and should not be confused with the subsequent action of the court in establishing branch number eleven, which action may have been suggested to the court by the questions involved in the exceptions, but they do not furnish the basis of that action or form any part of it.   If the question here arose upon the exceptions, we would be unable to consider it, for the reason that the exceptions were, as to the appellants, several, their interests thereunder were necessarily several, and their assignment of error is joint, and not several.  See Elliott's App. Proced., section 318.

But if we consider the correctness of the court's action in establishing branch number eleven as independent of the exceptions, which, it is very clear, we are required to do, it then becomes important to inquire whether the question in that form is properly presented for review. The appellee insists that it is not, and we must concur with that contention.

The first assignment of error is not only too general to be entertained, but the foundation necessary to such an assignment was not laid in the lower court by motion for a new trial.   See Elliott's App. Proced., sections 324, 344, 345 and 346, and authorities there cited.

For the second assignment of error, we find no support in fact presented by the record, as we have heretofore shown.   If, however, it should be conceded that it was

well founded in fact, the motion to modify the judgment did not attack the power of the court to render an order establishing branch number eleven; on the contrary, it only sought to strike out a supposed element of the judgment relating to the cost of construction.

If the motion to modify the order had properly related to the allowance to Morris, as surveyor, the record does not disclose that such allowance was for services in locating branch No. 11, and even if it did so appear, the right to contest the sum so paid by the commissioner, as well as the cost of construction, would arise upon the final report of the commissioner.

We find, in the record, no error upon which to reverse the judgment of the lower court, and said judgment is affirmed.

Filed Nov. 9, 1893.